## HOPPER *vs.* EILAND, Use, &c.

1. Plaintiff in assumpsit cannot recover on the special counts in his declaration, when the contract proved is substantially variant from that set out.

2. *It seems,* that when the contract declared on is in form a conditional note, the plaintiff can give it in evidence under the common count on an account stated, upon proof of its execution and the performance of the condition, and can recover under that count, if there is any legal impediment to his recovery on the special counts.

3. Where a written instrument, in form a conditional note, is signed by the maker with the distinct admission on the part of the payee that it does not contain the terms of their contract, and the understanding that they will meet again at a convenient time and execute another instrument truly setting out the contract, the writing has not the force of a contract good and complete in law,

for want of an absolute, unconditional delivery; and if suit is instituted upon it, as a note, it is not evidence as such for any purpose.

4. *It seems*, that parol proof is admissible to show that the writing on which the suit is founded, a conditional note, was signed by the maker with the distinct admission on the part of the payee that it did not contain the terms of their agreement, and the understanding that they should afterwards, at a convenient time, draw another instrument which would truly express the contract.

ERROR to the Circuit Court of Perry.

Tried before the Hon. GEO. D. SHORTRIDGE.

ASSUMPSIT by M. A. Eiland, to the use of Crocker, against M. B. Hopper. The declaration contains a count for three hundred dollars on an account stated, and also three special counts on an instrument in writing, of which the following is a copy:

"January 1, 1849.

"Twelve months after date, I promise to pay M. A. Eiland the sum of three hundred dollars, for the rent of Michael Cammack's saw mill, in the county of Perry and State of Alabama: *Provided*, however, that one good team of four oxen or mules can keep the mill sawing at the rate of one thousand feet in one day; if not, he agrees to give two hundred dollars without any conditions.

(Signed,)          "M. B. HOPPER.

"Attest:   Edward Keeten."

The plaintiff introduced testimony conducing to prove the allegations of his special counts. Wm. H. Dearing, one of his witnesses, testified, that he was at the time of the trial, in the fall of 1850, and had been since December, 1849, the owner of said saw mill, and had tested the experiment himself after he was summoned as a witness in this case, and that four oxen never hauled less than five stocks per day, each of which would make between 250 and 500 feet of square-edged lumber; that he also knew, having made the experiment since he was summoned as a witness, that four good oxen or mules could keep the mill sawing one thousand feet of lumber per day, and in addition haul two loads of lumber per week to Marion, a distance of ten or twelve miles.

The defendant then proved by Edward Keeten, the subscribing witness to the note, that he was present when the contract between plaintiff and defendant, for the rent of said

saw mill for the year 1849, was made; that Hopper, after reading the note over twice, objected to signing it, on the ground that it did not truly set forth the terms of their contract; that the contract was then stated by them, and was as follows: The defendant was to pay three hundred dollars for the mill, if a good team of four oxen or mules could keep said mill cutting one thousand feet of good, merchantable, square-edged lumber per day, the year round, from timber hauled from the tract of land which was attached to and rented with said mill, and that he should pay two hundred dollars unconditionally; that defendant might use oxen or mules, at his election; that he was called on by the parties, to bear witness that such was the contract between them; that said Eiland was then in a hurry, it being about night, and proposed to Hopper that, if he would sign said instrument, they would meet at some future time, when convenient, and execute another written instrument which should contain the terms of said contract as then agreed upon, as aforesaid; and that thereupon said Hopper signed the note. The witness also testified, that, both before and after said note was executed, Eiland admitted that it did not truly set forth the terms of their contract, and that the contract was as above stated.

The defendant then introduced other witnesses, whose testimony conduced to prove that a good team of four oxen or mules could not haul lumber enough, from said tract of land to said mill, to keep the mill cutting one thousand feet of lumber per day, the year round; and further, that such a team could not perform such service, and in addition thereto haul two loads of lumber per week to Marion. The defendant also proved a set-off, which was admitted, to the amount of $201 73. He also offered evidence tending to show that the lumber sawed by the witness Dearing was knotty and sappy, and was not good merchantable lumber. On the cross-examination of the defendant's witness, plaintiff's counsel asked him the following questions: "Did you not order the said Dearing to saw sap lumber at said mill for yourself? Did you not buy sap lumber from said Dearing last winter, for a flatboat?" The defendant objected to each one of these questions, but his objections were overruled, and he excepted.

The questions were then answered by the witness in the affirmative. To this testimony also, defendant objected; but the court allowed it to go to the jury, and defendant excepted. There was a conflict in the proof, as to whether sap lumber was good merchantable lumber or not.

The plaintiff then introduced evidence to show that the defendant went into possession of the mills, and continued in their possession until September 1, 1849, and then sold his interest in them to the witness Dearing.

The defendant's counsel insisted, before the court, that there was such a variance between the contract declared on and that established by the proof, that plaintiff could not recover under any count in his declaration. The court charged the jury:

"That, although they might believe that the contract for the rent of said mills was not truly set forth in the note sued on, that said note was an incomplete statement, and was signed under the assurance that a new instrument should subsequently be drawn, which would embrace all the terms of the contract, and that the true contract under which the defendant rented and held the mills for the year 1849 was shown by the testimony of the witness Keeten, that said contract was valid and subsisting for the whole year—still, the plaintiff would be entitled to recover on the last count in his declaration;" to which charge the defendant excepted.

The errors assigned are:

1. The overruling of the objections to the questions severally propounded to the witness on cross-examination, and the admission of his answers as evidence;

2. The charge of the court above set out.

I. W. GARROTT, for plaintiff in error:

The plaintiff below having declared on a special contract, and the proof having shown a valid and subsisting contract variant from that set out, he could not recover on any one of his special counts, because of the variance; and he could not recover on the common count on an account stated, because there was a valid and subsisting special contract. Snedicor v. Leachman, 10 Ala. 330; Hulle v. Heightman, 2 East, 145; Hitchcock v. Lukens, 8 Porter, 333; Chitty on Contracts, 169,

He could not recover under that count, because under that count only a pecuniary demand, the terms of which are fixed and agreed on by the parties, can be recovered, Chitty on Contracts, 197, 199; and the acknowledgment must be unqualified and unconditional. Evans v. Verity, 1 Ryan & Moody, 239; (21 E. C. L. R. 427;) 2 Green. Ev. § 126; 4 Phil. Ev. 125.

No question can here be raised, as to the admissibility of the evidence of the witness Keeten, as it appears from the record to have been admitted without objection. The charge of the court was predicated on the evidence before it; and if erroneous, it cannot be sustained because the court may have committed another error, in admitting this testimony. Jacobs v. Finkel, 7 Blackf. 432.

The questions which were objected to by plaintiff in error, and which the court allowed to be put to the witness and to be answered by him, were irrelevant, and tended to mislead the jury. The court erred in admitting these questions and the answers thereto. Johnston v. Branch Bank, 7 Ala. 378; Lawson v. Orear, ib. 784; Abney v. Kingsland, 10 ib. 355; McCurry v. Hooper, 12 ib. 823.

A. B. MOORE, *contra:*

The rule, that when a plaintiff declares on a special contract, adding the common counts, and the contract proved is different from that set out, he cannot recover at all, does not apply to this case, 1. Because, the contract here is in writing, and is declared on according to its legal effect, and is proved by plaintiff as alleged. The defendant, therefore, cannot relieve himself from liability on said contract, unless he can show a failure of consideration, in whole or in part, or fraud, or illegality in the contract. Litchfield v. Falconer, 2 Ala. 280.

2. When a contract has been reduced to writing, parol evidence is only admissible to show a failure of consideration, fraud, or that the consideration was illegal; but not to vary the written contract. 2 Ala. 280. A recovery may be had on the common counts, although there is a special contract, whenever, by its breach, the plaintiff is entitled to recover a sum *in numero,* or which can be rendered certain by mere

Hopper v. Eiland.

calculation. Sprague & wife v. Morgan & wife, 7 Ala. 952. Parol evidence is not admissible to show a contract different from that reduced to writing and declared on, for the purpose of making that a ground of defence; for the reason that parol evidence is inadmissible to vary or contradict a written contract. Long v. Davis, 18 Ala. 801; West & West v. Kelly, 19 ib. 353.

3. The note in this case must be regarded as a complete expression of the agreement between the parties, and is different from the note in the case of Self v. Herrington, 11 Ala. 489. If a note professes to set out the consideration upon which it is based, a different consideration cannot be proved by parol. 11 Ala. 1009: 16 ib. 90.

4. To entitle plaintiff in error to a reversal, he must show injury as well as error. Lawson v. Orear, 7 Ala. 784; Goodwin v. McCoy, 13 ib. 271; Bohannon v. Chapman, 17 ib. 196; 18 ib. 819.

PHELAN, J.—The court charged the jury, that, admitting the contract to be as stated by the witness Keeten, still, the plaintiff was entitled to recover on the last count in the declaration, which was a count on an account stated. This presents the main question in the case, which we will proceed to consider. That the plaintiff could not recover on the special counts on the written instrument, is clear; because, no man is allowed to recover on a declaration whose allegations are not supported by proof, and the proof in the cause shows that the contract between the parties was substantially variant from that set out in the special counts of the declaration, founded on the written instrument.

The next question is, could the plaintiff recover on the common count—the count on an account stated, according to the proof? If the contract between the parties had been that set out in the written instrument, which was in form a conditional note, the plaintiff, by proving that he had performed the condition on his part to be performed, viz: that a team of four oxen or mules could keep the mill sawing at the rate of a thousand feet of lumber per day, would be allowed, on proving its execution, to give the note in evidence under the common count, and could have recovered under

that count, had there been any legal impediment to his recovery on the special counts. At least, I consider the authorities as favoring such a conclusion. Catlin v. Gilders, 3 Ala. 536; Hightower v. Ivy, 2 Porter, 308; Sprague & wife v. Morgan & wife, 7 Ala. 952; Payson v. Whitcomb, 15 Pick. 212; Crandal v. Bradley, 7 Wend. 311. But in this case, if the contract between the parties had been that set out in the written instrument, there would have been no need for resorting to the common count; the special counts would have been satisfactory and sufficient. That, however, was not the contract, as shown by the testimony of Keeten, and the charge of the court is based upon the truth of his testimony. He proved, that the note sued on was signed by Hopper with the distinct admission on the part of Eiland that it did not contain the contract between them; that the contract in fact was, that a team of good oxen or mules would be able to keep the mill cutting one thousand feet of good, merchantable, square-edged lumber, per day, the year round, from timber hauled from the tract of land attached to and rented with said mill, and under an agreement that, at a convenient time, another instrument should be drawn, which would truly set out their contract.

In view of these facts, the writing in the hands of Eiland, upon which he instituted suit, never had the force of a contract good and complete in law. He had the right to retain it, as a written memorandum showing in some degree the nature of the contract between himself and Hopper, and useful for the purpose of adjusting and settling the real terms of the contract at some future time; but for nothing more. When he attempted to enforce it, as a complete and binding contract, contrary to his express agreement at the time he received it, by bringing suit and declaring on it as such, it became powerless in his hands for any such purpose. Such a use of it was an act of bad faith; and an attempt to put it to such a use could not be sanctioned by the court, in any way, without giving countenance to an act of bad faith; in other words, to a fraud. For want of an absolute, unconditional delivery, this paper never had the character and qualities of a note, so as to make it evidence as such for any purpose.

Even conceding, then, that a note, or a conditional note

when the condition has been performed, may be given in evidence under a count on an account stated, and entitle the plaintiff in the action to a recovery, in the absence of stronger countervailing proof, this paper was never entitled to be received in that character. Nothing remains, but the parol agreement as proven by Keeten. It will not be pretended, that plaintiff could recover on an account stated with that proof, even if he could show that he had performed all his undertaking according to such agreement.

It will be seen from these views, that we conceive the court below to have erred in the charge given to the jury.

As the defendant in error will have to shape his declaration entirely anew, so as to make it conform to the contract as it was proven to exist between the parties, before another trial is had, we deem it unnecessary to decide on the errors assigned relating to the objections that were taken to the answers of the witness, about his purchasing sappy lumber from Dearing, and using it in the construction of a flat-boat.

No objection was made in the court below to the parol evidence going to vary the written instrument, and therefore the objection cannot be noticed here. From what has been said, however, it may be readily inferred that, if the objection had been made, we should have been disposed to consider it untenable, under the proof in the case.

For the error in the charge of the court, the judgment below is reversed, and the cause remanded.