(81 South. 190)

HENRY, County Treasurer, v. STATE ex rel. RAMBOW. (6 Div. 506.)

(Court of Appeals of Alabama. Jan. 21, 1919. Rehearing Stricken March 18, 1919.)

1. MANDAMUS ⬤�ota10—NATURE AND GROUNDS —SPECIFIC LEGAL RIGHT.

Mandamus is an extraordinary legal remedy granted only when relator shows a clear specific legal right.

2. MANDAMUS ⬤⟿12 — NATURE — CREATIVE REMEDY.

Mandamus may coerce an officer to an act which it was his duty to perform without it, but not to an act he was under no duty to perform before its issuance, and such duty must be clear under the statute.

3. MANDAMUS ⬤⟿168(2) — MANDAMUS AGAINST OFFICER — DUTY — BURDEN OF PROOF.

In a proceeding in mandamus against a county treasurer to compel the registering of a witness certificate against the county's fine and forfeiture fund, the burden of showing such official duty was upon the relator.

4. WITNESSES ⬤⟿32—FEES—CLAIM AGAINST COUNTY.

After the issuance of the certificate of the clerk of the court for witness fees under Code 1907, § 6666, and after crediting upon the certificate the amount received under section 6572, the balance due upon the certificate becomes a valid claim against the county, and

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

until then the treasurer is under no duty to register it as a claim against the county.

5. MANDAMUS 🠠13—REGISTRATION OF WITNESS CERTIFICATE AS CLAIM — COURT CLERK'S INDORSEMENT AS CONDITION PRECEDENT.

It is the duty of the clerk of the court to certify upon a witness certificate the amount received by its holder from the convict fund, and if nothing has been received he should certify that fact, and until this is done the holder is not entitled to compel the treasurer by mandamus to register the certificate as a claim against the county.

6. MANDAMUS 🠠168(2) — REGISTRATION OF WITNESS CERTIFICATE AS CLAIM AGAINST COUNTY—BURDEN OF PROOF.

Where more than 10 years had elapsed after an execution was issued on a judgment for costs in a criminal case, under Code 1907. § 4154, the judgment must be presumed satisfied, and the burden of proving the contrary is upon the relator seeking mandamus to compel the county treasurer to register a witness certificate issued in the case as a claim against the county.

7. JUDGMENT 🠠876(1) — PAYMENT — PRESUMPTION AFTER LAPSE OF TIME.

Apart from any statutory regulations, such as Code 1907, §§ 4154, 4155, 4833, the presumption of the payment of a judgment including costs and witness fees is conclusive after 20 years from its rendition.

Appeal from Circuit Court, Jefferson County; Henry A. Sharp, Judge.

Proceeding by the State, on the relation of C. T. Rambow, against M. V. Henry, as Treasurer of Jefferson County. From a judgment awarding a writ of mandamus, directed to the treasurer. ordering him to register a witness certificate against the fine and forfeiture fund of the county, the Treasurer appeals. Reversed and rendered.

See, also, ante, p. 559, 80 South. 133.

W. K. Terry, of Birmingham, for appellant.

Allen, Bell & Sadler, of Birmingham, for appellee.

BRICKEN, J. This is an appeal from a judgment awarding a writ of mandamus directed to the appellant as treasurer of Jefferson county, ordering him to register a witness certificate against the fine and forfeiture fund of that county. This cause was tried upon the petition, answer, and an agreed statement of facts. The answer of the respondent denied that the certificate was a legal claim against the fine and forfeiture fund, and denied that there was any duty resting upon respondent to register same.

On the 27th day of April, 1897, the clerk of the criminal court of Jefferson county issued to one S. V. Copeland, a witness for the state in the case of State v. Phil Dorsey, a witness certificate for $1.70. The relator is the owner of this certificate. Phil Dorsey was convicted and sentenced to the penitentiary. A judgment was rendered against Dorsey on May 3, 1897, imposing costs upon him, including the claim of the witness Copeland. On the 9th day of February, 1898, execution was issued upon this jugdment and returned, within the time required by law, "No property found." No other execution was issued upon this judgment until the 26th day of September, 1917, more than 20 years after its rendition, when, at the instance of the relator, the clerk of the circuit court of Jefferson county, issued a second execution against the defendant Dorsey. On this day, the 26th of September, 1917, the clerk of the circuit court made the following indorsement on the face of the witness certificate:

"In this case the defendant was adjudged guilty and sentenced to the penitentiary, and has been proven insolvent by the return of 'No property found' on execution against him."

On the 26th day of September, 1917, the relator presented to the treasurer of Jefferson county this certificate, with the above indorsement of the clerk of the circuit court, and demanded that it be registered as a claim or charge against the fine and forfeiture fund of that county. These are the facts upon which this cause has been submitted here.

[1, 2] Mandamus is an extraordinary legal remedy granted only when a clear, specific legal right is shown, and the absence of a clear, specific legal right is fatal to an application for the writ. Ex parte Huckabee, 71 Ala. 427. To authorize the grant of this writ, there must be shown a clear, specific legal right and no other adequate legal remedy. Leigh v. State, 69 Ala. 261. "The invariable test, by which the right of a party applying for a mandamus is determined, is to inquire, first, whether he has a clear legal right," and in a proceeding of this sort, the relator must distinctly prove every fact necessary to give him the right which he claims. Withers v. State, 36 Ala. 252. "Mandamus is a conservative, not a creative, remedy; it enforces existing duties, but does not impose new duties. By it the officer may be coerced to an act which it was his duty to perform without it, but to no act as to which he was under no duty before its issuance. And the duty must be clear upon the statute." State ex rel. Brickman v. Wilson, 123 Ala. 259, 281, 26 South. 482, 487 (45 L. R. A. 772); People v. Hatch, 33 Ill. 9.

[3-5] The first question we must consider, therefore, is whether the facts and circumstances proven in this case show that it was the duty of respondent to register this certificate against the county. The burden of showing this was assumed by the relator. It is conceded that a witness certificate of this sort is not an absolute claim against the fine and forfeiture fund. It is only a contingent

claim against this fund and is not entitled to registration except upon the concurrence of certain conditions. Alston v. Yerby et al., 108 Ala. 480, 18 South. 559. After the issuance of the certificate of the clerk of the court, in compliance with section 6666 of the Code, and after crediting upon the certificate the amount received under section 6572 of the Code, the balance due upon the certificate becomes then, and not until then, a valid claim against the county. Gray v. Abbott, 130 Ala. 322, 30 South. 346. In the absence of these facts, there is no duty on the part of the treasurer to register a witness certificate as a claim against the county. The evidence is silent as to the amount paid by the clerk of the court to the holder of this certificate out of the moneys received from the convict fund by him for the purpose of paying the costs in the case of State v. Phil Dorsey. In a case of this sort, the clerk of the court should certify upon the certificate the amount, if any, that has been received by the holder of the certificate from the convict fund, and if nothing whatever has been received by the holder of the certificate from that fund, then he should certify that fact. On account of the failure of the relator to show these facts, he does not make out a clear, specific legal right to have this certificate registered as a claim against the county.

[6] There is another objection to this certificate as a claim against the county equally fatal. Judgment for costs in this case was rendered May 3, 1897, upon which execution issued February 9, 1898. Under section 4154 of the Code, this judgment after February 9, 1908, must be presumed satisfied and the burden of proving it if not satisfied is upon the plaintiff. After May 3, 1917, under section 4155 of the Code, no scire facias would issue to revive this judgment, and under section 4833 of the Code of 1907, the statute of limitations of 20 years operated as a bar to an action upon it.

[7] On September 26, 1917, when the clerk made the indorsement on the witness certificate, which we have quoted in this opinion, the judgment, into which this certificate had merged, had passed beyond the control for all purposes of the court rendering it and necessarily beyond the control of the clerk of the court. Presumption of payment arises from lapse of time, and apart from any statutory regulations the presumption of payment of a judgment, or other obligation 20 years after its maturity or its rendition is conclusive. Semple v. Glenn, 91 Ala. 245, 6 South. 46, 9 South. 265, 24 Am. St. Rep. 894; Roach v. Cox, 160 Ala. 425, 49 South. 578, 135 Am. St. Rep. 107.

From these authorities it follows that the judgment in the case of the State v. Dorsey, at the time that the clerk made the indorsement on the witness certificate, as a matter of fact and law, was paid and discharged and had ceased to be an obligation enforceable by execution or by any other proceeding in the courts of this state. The certificate being merged into the judgment, and the judgment shown to be paid and satisfied, the indorsement by the clerk upon the witness certificate of the statement set out in this opinion could by no method of reasoning be made to endow with life or validity this certificate. The witness certificate, like the judgment of which it is a part, must, under the evidence of this case, be presumed to be paid and satisfied.

Reversed and rendered.