153 So. 866

## HELTON v. TURNER.

### 6 Div. 387.

Supreme Court of Alabama.

March 29, 1934.

404

Howard H. Sullinger, of Bessemer, for appellee.

McEniry & McEniry, of Bessemer, for appellant.

GARDNER, Justice.

The suit is upon a judgment recovered by plaintiff against the defendant in the justice of the peace court for Bledsoe county, Tenn.

 Counts 2, 4, and 5, upon which, for the plaintiff, the cause proceeded to trial, were sufficient. They each contain essential averments approved in Andrews v. Flack & Wales, 88 Ala. 294, 6 So. 907, and make reference also to the pertinent statute of Tennessee conferring jurisdiction on the court. Ellis v. White, 25 Ala. 540.

Upon this, as well as other questions presented, much of defendant's argument is based upon the theory that as the court rendering the judgment is one of limited jurisdiction, no presumption of validity can be indulged in its support, but all facts essential to jurisdiction must appear on the face of the record or be shown by competent evidence. 34 C. J. 1154.

 But, however, the rule may be elsewhere, it seems to be settled here that though the jurisdiction of the court of a sister state rendering the judgment (properly authenticated under the federal laws) was special and limited, yet the courts of this state are bound to presume that it legally possessed jurisdiction over the subject-matter upon which it professed to adjudicate, until the contrary is made to satisfactorily appear. Forbes v. Davis, 187 Ala. 71, 65 So. 516; Bogan v. Hamilton, 90 Ala. 454, 8 So. 186. Stoer v. Ocklawaha R. F. Co., 223 Ala. 690, 138 So. 270, cited by appellant, holds nothing to the contrary.

The record as to the original trial appears to have been lost or destroyed, and was substituted by the justice succeeding the one who rendered the judgment. The statute of Tennessee (section 5701, Shannon's Code of Tennessee) was offered in evidence and the substitution upon the docket of the present justice appears to have been made in accordance therewith, which statute has been held by the Tennessee court to be only a transcript of the common law upon the subject. Lane v. Jones, 2 Cold. (Tenn.) 318. See, also, 53 C. J. 636, 640; State v. Ellis, 211 Ala. 489, 100 So. 866; Wise v. State, 208 Ala. 58, 93 So. 886. And that the substituted judgment is properly certified in accordance with the federal law and is authenticated in due form, does not seem to be questioned.

Under our decisions, therefore (Forbes v. Davis, supra), it will be presumed, prima facie, that the court rendering the judgment had complete jurisdiction to do so.

Plaintiff also offered in evidence the statute (section 5935, Shannon's Code of Tennessee) showing jurisdiction of the justice of the peace in a suit on a note to be $1,000, and anticipating the defense of the statute of limitations offered section 4455 of the Tennessee Code, which provides that the time of absence from the state shall not be taken as any part of the time limited for the commencement of an action.

 Defendant attacks the jurisdiction of the court both as to person and subject-matter (34 C. J. 1142; Kingsbury v. Yniestra, 59 Ala. 320), and insisted by his evidence that he was never served with process nor appeared at the trial, and had no transaction out of which arose an indebtedness, and executed no note. He insists that in fact he left Tennessee, and moved to Alabama prior to the date of such action.

The testimony for plaintiff was in sharp conflict, to the effect the trial was had with defendant present and testifying in the case, and that his removal to Alabama was soon after the trial. As to the matter of the note, plaintiff, in rebuttal, was properly permitted to testify that the suit was on the note, and that the justice demanded the note of defendant who had its possession.

These conflicting issues of fact were submitted to the jury under appropriate instructions of the trial court.

 Defendant insists also that if a note was in fact executed, there was no delivery, essential to its validity. Hopper v. Eiland, 21 Ala. 714. But that was a matter for determination in the case, the important jurisdictional question was whether or not the suit was on the note. That question being determined, all other matters of defense are not now open to inquiry.

The suit was not barred under our statute. Section 8942, Code 1923. And as to the ten-year statute of Tennessee (section 4473, Shannon's Code of Tenn., and section 8961, Code of Ala.), the evidence is without dispute that defendant was and continued absent from the state long before the expiration of that period, which, under the Tennessee statute hereinbefore noted (section 4455, Shannon's Code), would serve to prevent the bar.

What has been heretofore stated suffices to show our conclusion that the affirmative charge as to each count was properly refused.

Aside from any criticism of the charge refused (which forms the basis for assignment of error 29), its substance was embraced in charges 12 and 13 (transcript page 17) given for defendant, as well as the oral charge of the court. Moreover, under our holding in Forbes v. Davis, supra, the charge misplaced the burden of proof.

These observations are also applicable to refused charge embraced in assignment 30, and that in assignment 31 was covered by the oral charge and charges given as above noted. As previously stated, the evidence was in sharp conflict. It has been carefully read and considered.

We do not consider that the ruling on the motion for a new trial requires any extensive consideration here. Out of the conflicting issues the true theory of the case on the facts was one peculiarly for the jury's determination, and we are unwilling to disturb the ruling in this regard.

We have not treated each assignment separately, but consider that what has been said will suffice for all purposes, and demonstrates our conclusion that no error to reverse is made to appear.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.