176 So. 363

## SECOND NAT. BANK OF CINCINNATI, OHIO, v. ALLGOOD.

### 6 Div. 91.

Supreme Court of Alabama.

Oct. 7, 1937.

Rehearing Denied Oct. 28, 1937.

655

M. B. Grace, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

BOULDIN, Justice.

The appeal is from a judgment dismissing garnishment proceedings on a judgment.

The record discloses the following:

Appellant recovered a judgment at law against appellee for the payment of money in the city court of Birmingham in 1913. Execution was promptly issued, and returned "no property found."

In 1930 appellant instituted in the circuit court of Tenth circuit proceedings by scire facias to revive the judgment and have execution thereon.

On personal service, appearance, and hearing it was ordered and adjudged that the judgment "is hereby revived and execution ordered to issue thereon."

Execution was issued within the year and returned "no property found."

In 1936 the plaintiff in the judgment, appellant here, sued out writs of garnishment upon statutory affidavits reciting the date and amount of the original judgment, and the order of revivor as above.

Defendant, appellee here, appearing specially, moved to quash the writs of garnishment issued by the clerk and dismiss the garnishment on the ground, among others, that the presumption of payment of a judgment after twenty years from the date of rendition is conclusive.

These motions were granted. This appeal is to review these rulings.

■ Under our statutory system execution may issue upon judgment of a court of record within a year. Code, § 7793. When so issued, other executions may issue at any time within ten years after the rendition of the judgment without a revivor. Code, § 7862. Another statute provides for the registration of judgments. Code, § 7874. Such registration creates a blanket lien on the property of defendant in the county where registered, which lien continues for ten years from date of judgment. Executions may issue on such registered judgment for a like period of ten years from date of judgment, whether theretofore issued or not. Code, § 7876.

If no execution is issued within such ten-year period, or if ten years have elapsed since the last execution issued, the judgment is presumed prima facie to have been satisfied. Code, § 7871.

No execution shall issue on a judgment or decree on which an execution has not been sued out within ten years from date of rendition until the same has been revived by scire facias. Code, § 7863.

This latter section, we may note, was recast in the Code of 1923. Prior thereto, the section applied to judgments on which execution had not been issued within a year. The change was probably to harmonize with the registration statute providing for execution on registered judgments although no execution issued within the year.

It is not to be supposed that this section nor its predecessor covered all cases wherein the judgment becomes dormant, and must be revived by scire facias.

■ Thus, where the presumption of payment under section 7871 has arisen, and third persons are protected even against a revived judgment or one renewed by action thereon (Richards v. Steiner Bros., 166 Ala. 353, 52 So. 200), it would seem clear no execution could properly issue without a revivor.

■ Section 7862, ex vi termini, contemplates a revivor after ten years, although executions have been regularly issued during that period.

The case before us does not call for a construction of all these related statutes. It does not seem to be questioned that the original judgment had become dormant and

scire facias was properly resorted to revive same in 1930.

The controlling question is the effect of such revivor on the continued existence of such judgment to support garnishments issued some twenty-three years after the rendition of the original judgment.

The nature and purpose of a revivor of a judgment or decree by scire facias is well settled in a long line of decisions of this court.

In Marx v. Sanders, 98 Ala. 500, 11 So. 764, an action at law upon a judgment, it was held that, whether complaint counted upon the original judgment or on the revived judgment, it was barred by the statute of limitations running from the date of the original judgment.

Said the court: "The object of the proceeding is not to obtain a new judgment for a debt, but to enable the judgment creditor to enforce by execution the judgment he has already obtained. Frierson v. Harris' Heirs [5 Cold.(Tenn.) 146], 94 Am.Dec. 222. * * * The order to revive does no more than reinvest the plaintiff with the right to have execution of his original judgment. His cause of action against the defendant is the original judgment, not the order to revive. The order merely confers upon the plaintiff the statutory right to issue executions on the judgment after it had become dormant for that purpose. The common-law right to sue on the judgment is not enlarged or made to accrue anew by force of the order. * * * It is plain that a new lease of life is not given to that cause of action by merely affording to the plaintiff the opportunity of resorting to the cumulative and independent remedy for the enforcement of the judgment by means of executions upon it." See also, Field v. Sims, 96 Ala. 540, 11 So. 763; Drennan v. Dunn, 166 Ala. 213, 52 So. 313, 139 Am.St.Rep. 28; Mobile Drug Co. v. McCullough, 215 Ala. 682, 112 So. 238; Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305; Henry v. State ex rel. Rambow, 16 Ala.App. 670, 81 So. 190, 192.

No revivor of a judgment by scire facias may be had after twenty years from the date of its rendition. Code, § 7872.

An action on a judgment is barred by the statute of limitations of twenty years. Code, § 8942.

In both instances the statutes adopt the prescriptive period of twenty years, now

so widely adopted in courts of law and equity as a conclusive rule of repose.

In Mobile Drug Co. v. McCullough, supra, this court approved and followed the holding of the Court of Appeals in Henry v. State, supra: "Presumption of payment arises from lapse of time, and apart from any statutory regulations the presumption of payment of a judgment, or other obligation 20 years after its maturity or its rendition is conclusive. Semple v. Glenn, 91 Ala. 245, 6 So. 46, 9 So. 265, 24 Am.St. Rep. 894; Roach v. Cox, 160 Ala. 425, 49 So. 578, 135 Am.St.Rep. 107."

But appellant strongly relies on Code, § 7873, new to the Code of 1923, which reads: "No action shall be brought on any judgment in any court of this state, if an execution can issue from such court on such judgment, or if the judgment can be revived by a scire facias in the court in which the action is sought to be brought."

■ The insistence is that since revivor by scire facias may be had within twenty years, the same period within which an action on the judgment could be brought, this statute fully cuts off an action on the judgment in some cases, and intends that revivor shall be a substitute therefor, with like effect as a renewal of the judgment. It is further pointed out that the issues in scire facias on personal service and in actions on the judgment are essentially the same. The plea of nul tiel record putting in issue the existence of the judgment,' and pleas of payment, satisfaction, and release, are pleadable in both. Authorities, supra. Nevertheless, the objectives, the effects of the proceedings, are wholly different.

The case of Mobile Drug Co. v. McCullough, supra, and Quill v. Carolina Portland Cement Co., supra, have been decided since this statute was incorporated in the Code.

Appellant, from certain expressions in the latter case, argues that this statute was overlooked, and these decisions should now be modified.

■ We observe this new statute does not abolish actions on judgments and decrees in general, but only suits in the same court where the original judgment was rendered. A suit at law in the circuit court on a decree in equity or in the probate court, or a suit in the circuit court brought in the county of the residence of defendant, if other than that in which the original judgment was rendered, will still lie.

Just why this difference is not obvious.

Maybe such arbitrary distinction between owners of judgments, a species of property, renders this new statute nugatory, but such inquiry is not involved, and we make no decision thereon.

■ In any event nothing in this new statute justifies an inference that the codifier intended the revivor of a judgment by scire facias to have an entirely new meaning, one wholly at variance with its settled purpose and effect. Neither can we assume it was intended to give such new meaning in the limited class of cases covered by the statute, while retaining its former status in cases not covered by its terms.

The argument that the motions to dismiss and to quash the writ of garnishment constituted collateral attacks on the judgment is untenable. They raise the point that on the face of the garnishment proceedings there was no judgment in existence, that it was conclusively presumed to have been paid, and was no more.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

### On Rehearing.

BOULDIN, Justice.

On rehearing it is insisted the decision is in conflict with Helton v. Turner, 228 Ala. 403, 153 So. 866. In that case the action on the judgment was brought within less than twenty years from the date of the original judgment. This is disclosed by the original record.

Opinion extended. Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.