Defendant, Glenn Wilson, appeals from the grant of a summary judgment in favor of plaintiff, Willie James Lee, in an action to enforce a Florida workmen's compensation judgment. Willie James Lee cross-appeals from that same judgment because the summary judgment was not for the full amount of the Florida judgment
Glenn Wilson, an Alabama resident, entered into a contract in the state of Florida with Fleming Lumber Co., Inc., to cut timber on land located in Florida. Fleming agreed to withhold part of Wilson's money and pay it to Wilson's workmen's compensation insurer. There is no dispute over whether this money was paid to the insurer even though the insurer was never a party to the suit. As a result of this contract, Wilson began cutting timber in Florida at which time Willie James Lee, an employee, was injured while at work
A claim for workmen's compensation was filed in Florida against both Fleming and Wilson since there was a dispute as to which party was the employer under Florida law. Wilson, through his attorney, agreed to pay Lee $1,000.00 if he would release him from any and all claims. As part of the agreement, Wilson agreed that he would aid Lee in his proceeding against Fleming for further compensation. Even though Lee signed the release, the Florida court refused to release Wilson as a defendant in Lee's suit. Wilson claims that he was never served with a copy of the complaint against him and had no knowledge that he was still a party to the suit. However, Wilson's attorney filed a motion to dismiss on the ground that he had not been properly served and the court lacked jurisdiction over him. He also filed an answer in the Florida proceeding alleging that he had been released from the proceedings. The attorney also wrote the Florida judge a letter stating that Wilson could not afford to attend the hearing and that the release should bar any action against Wilson
The Florida court found that it did have jurisdiction over Wilson, because Wilson had actual notice of the proceedings. It also found that the release was not valid under Florida law. As a result, judgment was rendered against Wilson. In said judgment the court found that Wilson and not Fleming was the employer
On August 2, 1979 Lee filed suit in the Circuit Court of Covington County, Alabama to collect the judgment rendered in Florida. Wilson answered that the judgment was invalid because he was not given proper notice of the Florida proceedings Wilson also joined Fleming as a third-party defendant. The trial judge later severed the third-party claim from the claim by Lee against Wilson
Lee filed a motion for summary judgment offering the Florida judgment and the Florida documents as evidence. Wilson again objected on the grounds of lack of notice. The trial judge, however, granted a summary judgment but failed to include the Florida court's award of attorney fees to Lee in the summary judgment. As a result, Wilson appeals to this court and Lee cross-appeals for the attorney fees awarded by the Florida court
Three issues are raised in this appeal. The first issue is whether the grant of a summary judgment by the trial court was correct in light of the dispute over whether Florida had jurisdiction over the parties. The second issue is whether the trial judge could properly sever for the purpose of trial Glenn Wilson's third-party claim from the main claim. The third issue arises out of Lee's cross-appeal and raises the issue of whether the trial judge should have awarded Lee attorney fees as per the Florida judgment. We will address these issuesseriatim.
Under Alabama law a trial court can grant a summary judgment when there is no genuine issue of material fact, and, as a matter of law, the moving party is entitled to the relief sought. Folmar v. Montgomery Fair Co., 293 Ala. 686,309 So.2d 818 (1975). The moving party, however, must show that the other party could not recover under any discernible circumstance and that there is an absence of a genuine issue of material factLoveless v. Graddick, *Page 419 295 Ala. 142, 325 So.2d 137 (1975). In determining whether the grant of summary judgment was proper, we must look at the facts in a light most favorable to the non-moving party
Wilson claims that there are two material issues in dispute which should have precluded the grant of summary judgment First he claims that an issue exists as to whether he received proper notice of the Florida proceeding, and second he claims that he had a release which should have barred Lee's claim in Florida
As to Wilson's second claim of why the summary judgment was erroneously granted, i.e. the release signed by Lee barred any claim Lee might have had against Wilson, we consider it to be without merit
A judgment of a court of competent jurisdiction rendered on the merits is conclusive of all issues. Educators' InvestmentCorporation of Alabama, Inc. v. Autrey, 383 So.2d 536 (Ala 1980); McCormick v. McCormick, 221 Ala. 606, 130 So. 226
(1930). The Florida court considered the issue of the release, as well as all other issues presented to it, and held that it was unacceptable because it failed to satisfy Florida law, i.e.
F.S. 440.20 (10). Hence, we conclude that the Florida court's decision on the release is res judicata on this issue and, therefore, could not be relitigated in Alabama
Wilson's claim that he was not properly served with notice of the Florida proceedings presents a different problem
The full faith and credit clause of the United States Constitution generally requires every state to give to a judgment at least the res judicata effect which the judgment would be accorded in the state which rendered it. Durfee vDuke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). Before giving effect to a foreign judgment, Alabama has concluded that it may inquire into the jurisdiction of the foreign court whose judgment is sought to be enforced. Monarch Refrigerating Co. vFaulk, 228 Ala. 554, 155 So. 74 (1934). The United States Supreme Court, however, has delineated the scope of such an inquiry. Durfee v. Duke, supra. The resulting rule requires the second court to give full faith and credit to the judgment of the first court — even as to questions of jurisdiction — if the second court has determined by proper inquiry that the questions of jurisdiction were fully and fairly litigated and finally decided in the court that rendered the original judgment. Durfee v. Duke, supra.
It is undisputed in this case that Wilson filed an answer and a motion to dismiss wherein he raised the question of personal jurisdiction. It is also undisputed that the Florida court found as a fact that Wilson had actual knowledge of the proceedings then pending against him and that it had personal jurisdiction over Wilson. Where one makes an appearance in one state contesting an issue and a final judgment is rendered on that issue, then he cannot later contest that same issue in another state. Baldwin v. Iowa State Traveling Men'sAssociation, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931);Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151 (5th Cir. 1974). By appearing in the Florida court through his answer and motion to dismiss, Wilson subjected himself to its jurisdiction. Florida, therefore, had the authority to determine whether Wilson had proper notice of its proceedings Consequently, the Alabama court must give the Florida judgment full faith and credit because it was res judicata on the issue of notice
Since the Florida judgment is res judicata, there is not a material issue left in dispute. As a result, the grant of a summary judgment was proper
Wilson also contends that the trial judge improperly severed his third-party claim from the main claim. Under ARCP 20 (b) and 42 (b) the trial judge is given wide discretion in ordering separate trials to prevent unfair prejudice. There is no indication that the trial judge has abused his discretion in this case, and thus his decision to sever must be upheld *Page 420 
Lee has cross-appealed contending that the trial judge erred in not awarding him the attorney fees which were given him under the Florida decree. Having found that the grant of a summary judgment was proper, it is clear that the Florida judgment must be enforced in its entirety. The full faith and credit clause clearly dictates that a valid judgment of a sister state must be given complete respect. Hazen Research,Inc. v. Omega Minerals, Inc., supra. As a result we find that Lee is entitled to the attorney fees as awarded by the Florida decree
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR ENTRY OF JUDGMENT CONSISTENT WITH THIS OPINION
WRIGHT, P.J., and HOLMES, J., concur