WRIGHT, Presiding Judge.
This is a juvenile case involving custody of a minor child.
On September 7, 1983, Debra Sampson filed a petition informing the court of previous litigation involving her child in Pennsylvania and informing the court that she and the child had lived in Alabama for the last six months. The relief requested was custody of the child. The court set the petition for hearing on November 7, 1983, and awarded temporary custody to the petitioner. On November 7, the respondent, Robert James Sampson, filed in open court a motion to dismiss for lack of jurisdiction. Respondent based his claim on the Alabama Uniform Child Custody Jurisdiction Act. § 30-3-20, Code of Alabama 1975 (1983 Repl.Vol.). Pursuant to respondent’s motion, the court ordered the child removed from petitioner’s custody and vested temporary legal custody in the St. Clair County Department of Pensions and Security, pending further orders. DPS was directed to investigate the Pennsylvania action and to make its findings known to the court by trial set for December 5, 1983.
On December 5, the trial was held. Overruling respondent’s motion for summary judgment, the court found that after giving an order and allowing ample time, no certified copies of pleadings and orders from the Pennsylvania courts were presented to the St. Clair County Juvenile Court; that the petitioner was not properly notified of the Pennsylvania proceedings; and the Pennsylvania court was thus without jurisdiction. Temporary legal custody was returned to petitioner.
Appeal was taken to the St. Clair County Circuit Court. The circuit court dismissed the appeal on April 3, 1984, for want of jurisdiction under Rule 28, Alabama Rules of Juvenile Procedure. Appeal came here.
The dispositive issue in this case is whether the appellant should have appealed the juvenile court decision to the circuit court or directly to the court of civil appeals. We have held that appeals from orders of a juvenile court involving jurisdiction over a “child” under Rule 28(C)(2), A.R.J.P., go to the court of civil appeals. Wright v. Montgomery County Department of Pensions and Security, 423 So.2d 256 (Ala.Civ.App.1982). We hold that this is a case involving jurisdiction of the juvenile court over a “child” to determine custody and falls within the purview of Rule 28(C)(2)(c), A.R.J.P. This holding is based upon the relief sought in the petitioner’s first pleading. Therefore the circuit court had no jurisdiction over the appeal. The order of dismissal of the appeal was proper. The appellant had only fourteen days *910 from the trial court’s order of December 5, 1983, to bring written notice of appeal to this court. Rule 28(C)(3), A.R.J.P. Such time had long expired prior to appeal to this court. Therefore this court’s jurisdiction was not timely invoked. Rule 2(a)(1), A.R.A.P. The appeal must be dismissed.
It should be noted here that had the appeal from the order of juvenile court been properly brought to this court, there would have been no record for this court to review. We have previously attempted to point out to both courts and counsel the requirement of Rule 20, A.R.J.P., that a complete record be kept of all proceedings until time for appeal has expired. Without such record this court could not have spoken to other issues had the appeal been properly brought.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.