This is a suit to enforce a judgment on a promissory note rendered by the district court of Dallas, Texas.
On August 10, 1973, Republic National Bank of Dallas (Republic) obtained a consent judgment against Gaines L. Howell in the amount of $106,278.55. The judgment stemmed from a loan made by Republic to Howell of $78,000 and included unpaid interest accruing thereon since 1969.
Republic did not collect the judgment, but on January 29, 1980, the parties entered into an agreement of release and satisfaction of the judgment. Although the agreement recites only $10.00 as monetary consideration, Howell's undisputed testimony is that he actually paid $2,500 for the release. Contemporaneous with the release, Howell executed two promissory *Page 59 
notes in the amount of $68,017.26 and $92,916.72 respectively.
In April 1980, Howell moved from Dallas to Chatom, Alabama, in Washington County. On November 14, 1980, Republic obtained a judgment on the two notes against Howell in the district court of Dallas, Texas. The judgment was in the amount of $166,336.68, plus interest, and attorney's fees of $16,630.77, plus interest.
On April 6, 1981, Republic brought suit in Washington County to enforce the November 14 judgment. Howell answered with a general denial, and he subsequently amended his answer to include fraud as a defense. Republic twice moved for summary judgment, presenting certified copies of the Texas judgment. Both motions were denied, as was its motion for reconsideration.
The case was tried before a jury, which found for Howell. Republic appeals here, asserting that it was entitled to enforcement of the Texas judgment as a matter of law. We agree.
As we stated in Morse v. Morse, 394 So.2d 950 (Ala. 1981):
 "The Constitution of the United States, Article IV, Section 1, requires that `full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.' The judgment of the court of another state having jurisdiction of the subject matter and persons is entitled to full faith and credit in Alabama courts."
The full faith and credit clause generally requires every state to give foreign judgments at least the res judicata effect which the judgment would have been accorded in the state in which it was rendered. Wilson v. Lee, 406 So.2d 416
(Ala.Civ.App. 1981).
It is undisputed that Howell received service of process, that he had notice of the November 14 hearing, that he appeared through his attorney at that hearing and that he entered only a general denial, choosing not to raise affirmative defenses or attack the jurisdiction of the Texas court. By so doing, he submitted himself to the jurisdiction of that court. HazenResearch, Inc. v. Omega Minerals, 497 F.2d 151 (5th Cir. 1974).
Therefore, the properly authenticated judgment of the Texas court, that court having jurisdiction, is conclusive as to the question of Howell's indebtedness, Mason v. Calhoun, 213 Ala. 491,105 So. 643 (1925), and is res judicata in Alabama.Wilson, supra. No other defenses, such as fraud, are now open to inquiry. Helton v. Turner, 228 Ala. 403, 153 So. 866 (1934). Consequently, Howell's claim that prior to execution of the notes in question, an officer of Republic told him that the bank would take no action to collect on the notes could not be raised in the Alabama proceeding. This defense might have been valid if timely raised at the Texas hearing, but the defense clearly goes to the merits of the cause of action litigated in Texas, and it should have been raised at the Texas hearing and may not be raised here to attack the validity of the judgment resulting from that hearing. Tongue, Brooks Co. v. Walser,410 So.2d 89 (Ala.Civ.App. 1982).
Because the Texas judgment is res judicata, there was no material issue left in dispute, and summary judgment should have been granted. The trial court's failure to grant summary judgment was error, Wilson, supra, and its judgment entered upon the jury verdict is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ. *Page 60