BRADLEY, Judge.
This case is concerned with the enforcement of an Oregon judgment requiring defendant to pay child support.
Sara V. Brown filed a petition in the Family Court of Jefferson County, Alabama seeking an order requiring that a certain amount of money be withheld from J.W. Scott’s salary for the purpose of satisfying an Oregon judgment for child sup *193 port. The petition was accompanied by an exemplified copy of the Oregon court’s judgment establishing that Scott was the father of Brown’s child and requiring him to pay child support.
The family court rendered judgment against Scott and he appealed to the Jefferson County Circuit Court, Equity Division. The circuit court dismissed Scott’s appeal. He sought reconsideration of that order. Scott’s request was denied and he appealed to this court.
Brown moved this court to dismiss the appeal because it was not timely filed. We denied the motion.
The record reflects that Scott’s appeal was filed in the circuit court within fourteen days of the denial of his motion to reconsider. Notwithstanding the timely appeal to the circuit court, Brown says that the appeal in this court should be dismissed because the appeal was mistakenly taken to the circuit court rather than this court. As a result, the filing of the appeal in this court exceeded the fourteen day appeal period as authorized by Rule 28(C), Alabama Rules of Juvenile Procedure.
Prior to November 15, 1985 appeals in juvenile matters such as that now before us were taken directly to this court, especially where an adequate record had been made in the juvenile court. Gardner v. Buycks, 479 So.2d 59 (Ala.Civ.App.1985); Sampson v. Sampson, 459 So.2d 908 (Ala. Civ.App.1984); § 26-17-20, Code 1975; Rule 28, A.R.J.P. Failure to appeal to this court within the fourteen day appeal period mandated a dismissal of the appeal. Sampson v. Sampson, supra. However, effective November 15, 1985, appeals in juvenile matters improperly taken to the circuit court were required to be transferred to the proper appellate court rather than be dismissed. Rule 28(D), A.R.J.P.
Based on Rule 28(D), we denied Brown’s motion to dismiss Scott’s appeal because we elected to consider the circuit court’s dismissal of Brown’s appeal to that court as a transfer of the appeal to this court. We deem such decision in keeping with the spirit of the rules, which is to dispose of appeals on their merits rather than on procedural technicalities. We now turn to the merits of Scott’s appeal.
Scott says here that the family court did not have the authority to order that money be withheld from his salary for the support of Brown’s child because the Oregon court’s judgment was invalid. He contends that the Oregon court lacked personal jurisdiction over him and therefore it could not render a binding judgment against him.
The Oregon judgment resulted from the filing of a petition by Brown in the Multno-mah County, Oregon Circuit Court, asking that Scott be declared the father of her child and that Scott be required to contribute to the child’s support. To this petition Scott, who was a resident of Alabama at this time, filed an answer in which he said: (1) that the allegations of the plaintiff’s petition were untrue, (2) that the defendant was not the father of the minor child, Jonathan Reese Scott Brown, (3) that the Oregon court lacked jurisdiction to adjudicate the child’s paternity, (4) that the plaintiff was living with her ex-husband at the time of the child’s conception, resulting in a conclusive presumption under Oregon law that the child was the child of the plaintiff’s ex-husband, and (5) that the plaintiff was married at the time of the child’s conception, resulting in a disputable presumption under Oregon law that the child was the child of the plaintiff’s ex-husband. Scott did not appear and defend himself after his answer was filed. Subsequently, the Oregon court, after a hearing, rendered a judgment declaring Scott to be the father of the child and ordered him to pay $500 per month as support.
Before one can obtain enforcement of a foreign judgment in an Alabama court, there must be produced in the Alabama court an exemplified copy of the foreign court’s judgment. Prado North Resi *194 dences, Ltd. v. Prado North Condominium Association, Inc., 477 So.2d 396 (Ala.1985). Moreover, the copy of the judgment must be set out in the trial record. Prado, supra. An exemplified copy of the Oregon judgment appears in the trial record of the case at bar.
If the copy of the judgment is authenticated — as is the judgment of the Oregon court in the case at bar — such copy shall be prima facie evidence that the foreign court had jurisdiction to render the judgment. Teng v. Diplomat National Bank, 431 So.2d 1202 (Ala.1983). The burden is then on the contestant to assert and prove that the foreign court lacked jurisdiction to render the judgment. Teng, supra.
In considering whether this burden has been properly met, the Alabama court must determine whether the question of jurisdiction was fully and fairly litigated in and finally decided by the foreign court. Wilson v. Lee, 406 So.2d 416 (Ala.Civ.App. 1981).
The record reflects that Scott answered Brown’s complaint in the Oregon court not only by questioning the court’s jurisdiction but also by denying Brown's assertion that he was the child’s father and then asserting special defenses to that charge. He failed to make further appearance and the Oregon court, after hearing from Brown, held against Scott.
When Scott appeared in the Oregon court and questioned its jurisdiction and suffered a final judgment to be rendered against him, he effectively denied himself the right to later assert issues he there raised in another proceeding in another state. Wilson v. Lee, supra. By appearing in the Oregon court by way óf his answer, Scott submitted himself to the Oregon court’s jurisdiction and the matters there raised are now res judicata. Wilson, supra. In light of the defendant’s appearance through his answer, Oregon properly asserted jurisdiction over defendant.
For this reason, we affirm the family court’s judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.