627 So.2d 935 (1992)
D.K.G.
v.
J.H. and T.H.
In the Matter of A.A.H., a minor.
2910623.
Court of Civil Appeals of Alabama.
December 11, 1992.
J.R. Meriwether of Agee & Meriwether, P.C., Chickasaw, for appellant.
Melvin W. Brunson, Mobile, for appellees.
Sandra Rander, Mobile, Guardian ad litem.
L. CHARLES WRIGHT, Retired Appellate Judge.
The record is incomplete. For purposes of this appeal the following facts are relevant. On May 21, 1992 D.K.G. received an adverse ruling in a custody matter in the Juvenile Court of Mobile County. On May 28, 1992 she filed notice of appeal in the circuit court for a trial de novo. It appears from the record that she also filed a notice of appeal in the juvenile court. That notice of appeal is not in the record. A motion to dismiss the appeal was filed. On June 22, 1992 the juvenile court entered an order finding that D.K.G. was not entitled to a trial de novo in *936 the circuit court. It stated that the court of civil appeals was the proper appellate court for her appeal. It dismissed the appeal, finding that it was untimely. A motion to dismiss the appeal was also filed in the circuit court. On June 25, 1992, following a hearing on the motion, the circuit court dismissed the appeal, finding that "an adequate record of the proceedings in juvenile court was made, and, therefore, this appeal should be to the appropriate appellate court." On July 29, 1992 D.K.G. filed a motion in the circuit court to set aside the dismissal. The motion was denied on July 29, 1992. D.K.G. appeals.
D.K.G. asserts that the juvenile court and the circuit court erred in dismissing her appeal. She insists that she was entitled to a trial de novo in the circuit court. She further insists that if she were not entitled to a trial de novo in the circuit court, then the court erred in failing to transfer the appeal to this court.
An appeal from a juvenile court order adjudicating a custody matter is to the court of civil appeals and not to the circuit court if there is a proper record certified as adequate by the juvenile court judge, Rule 28(A)(1)(a) and 28(A)(2), Alabama Rules of Juvenile Procedure, or if there is a certified stipulation that only questions of law are involved, Rule 28(A)(1)(b) and 28(A)(2), A.R.J.P. If the record cannot be certified as adequate, or if there is no certified stipulation that only questions of law are involved, the appeal is to the circuit court. Rule 28(B), A.R.J.P. See Wright v. Montgomery County Department of Pensions & Security, 423 So.2d 256 (Ala. Civ.App.1982), and the commentary to Rule 28, A.R.J.P.
We are unable to determine from the record before us whether D.K.G. was entitled to a trial de novo in the circuit court. The circuit court did state that the juvenile record was adequate. The record before this court does not contain a certification from the juvenile court and does not contain a transcript of the juvenile court proceeding. However, in Mobile the juvenile judge is a circuit judge. The circuit court judge, in his order of dismissal, apparently knew that there was an adequate record of the proceeding before his fellow circuit judge, acting as a juvenile judge. Whether such knowledge came by a certification is not in the record before us. In any event, he judicially knew it and said so. He also was cognizant of the provisions of Rule 28, A.R.J.P., because his order stated that the appeal should be to the appropriate appellate court. That appropriate appellate court is the Alabama Court of Civil Appeals under Rule 28, A.R.J.P. Rule 28(D) provides that "a circuit court may transfer an appeal which it determines should have been transferred to or brought in another court to such other court." We have heretofore held that it is mandatory for a circuit court to order such transfer if it determines an appeal was brought to it which should have been properly brought to this court. Scott v. Brown, 497 So.2d 192 (Ala. Civ.App.1986). Though recognizing that the appeal should have been brought to this court under Rule 28, A.R.J.P., the circuit court did not transfer but instead dismissed the appeal. That was error and must be corrected.
We therefore reverse the order of dismissal and remand for entry of an order of transfer to this court, together with a certification of an adequate record of the proceedings in the juvenile court, if there is such a record. If there is not such a record, the case must proceed in circuit court as provided in Rule 28(B), A.R.J.P.
We comment that we are at a loss to understand why the juvenile court entertained and ruled upon a motion to dismiss an appeal from its judgment to a trial de novo in the circuit court. It appears that error began in that judgment; however, this appeal is not from that judgment but from the subsequent judgment of the circuit court dismissing the appeal but not transferring it to this court.
We consider it proper to observe that D.K.G. substantially contributed to her own problem by apparent misapplication of Rule 28, A.R.J.P., when she filed her appeal first in the juvenile court and then in the circuit court. For that reason, we tax the costs of this proceeding, to this point, to D.K.G.
*937 The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.