869 F.2d 1425
 UNITED STATES of America, Plaintiff-Appellant,
v.
Sam FIORELLA, Katherine Fiorella, Shades Ridge Holding
Company, Inc., Melina Fiorella, Grace Tortomasi,
Pritchard, McCall & Jones, a
partnership, Defendants-Appellees.
 No. 87-7717.
 United States Court of Appeals,
Eleventh Circuit.
 April 10, 1989.
 
 Frank W. Donaldson, U.S. Atty., Sharon D. Simmons, Asst. U.S. Atty., Birmingham, Ala., Gary R. Allen, Chief, William S. Rose, Jr., Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.
 Richard A. Meelheim, Vowell, Meelheim & McKay, P.C., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before RONEY, Chief Judge, JOHNSON and SMITH*, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge:
 
 
 1
 In this judgment revival case, the United States District Court for the Northern District of Alabama, in an order dated September 29, 1987, denied the United States' (Government) motion to revive a January 3, 1968, district court judgment against Sam A. Fiorella (Fiorella). We affirm.Issue
 
 
 2
 The sole issue on appeal is whether the district court erred by denying the Government's motion to revive the judgment of January 3, 1968.
 
 Background
 
 3
 The facts are not disputed. On July 1, 1964, the Government commenced an action in district court against Fiorella, Fiorella's wife, and Shades Ridge Holding Company. The Government sought, inter alia, both to recover income taxes assessed against Fiorella for the 1956 through 1958 tax years and to foreclose the federal tax liens on all property and rights of property of Fiorella and Fiorella's wife. On January 3, 1968, the district court, pursuant to a settlement between the parties involved in the action, entered judgment against Fiorella in the amount of $286,727.75 and directed that Fiorella's prior cash payment of $107,500 be credited to the judgment.[1]
 
 
 4
 On January 19, 1978, the Government, asserting that $179,227.75 remained unpaid, filed a motion to revive the judgment of January 3, 1968.[2] The district court, in an order dated February 17, 1978, granted the Government's motion to revive the January 3, 1968, judgment so as to give the judgment life until January 3, 1988.[3]
 
 
 5
 Approximately 10 years later, the Government filed a second motion to revive the judgment of January 3, 1968, which would extend the life of the judgment until January 3, 1998. In an order dated September 29, 1987, the district court denied the Government's second motion to revive, holding that it would be a violation of Alabama law to extend the life of the judgment beyond January 3, 1988.[4] For the reasons set forth below, we hold that the district court did not err in denying the Government's second motion to revive the judgment of January 3, 1968.
 
 Analysis
 
 6
 It is well settled that Alabama law controls the procedure on the execution of a judgment rendered in a district court located in Alabama.[5] Further, Alabama Code Sec. 6-9-190 provides that a judgment cannot be revived after the lapse of 20 years from its entry.[6] The district court, in its denial of the Government's motion to revive judgment, held that it would be a violation of Alabama law to continue the vitality of the January 3, 1968, judgment beyond January 3, 1988. We agree.
 
 
 7
 Generally, the United States is not subject to local statutes of limitations.[7] However, Alabama Code Sec. 6-9-190, which effectively limits the time for issuing executions on judgments, is not a statute of limitation and operates the same against the United States as it operates against private parties.[8]
 
 
 8
 The Government's principal contention is that the underlying tax lien continues to exist independently of the January 3, 1968, district court judgment. The Government argues that, since the tax lien continues until it is satisfied, the act of reducing the tax lien to judgment does not subject the tax lien to state limitations on the enforcement of judgments. We do not decide this issue. Here, the sole issue properly before this court is whether the January 3, 1968, judgment is now capable of being revived under Alabama law. We agree with the trial court that it is not. We do not decide whether the tax lien underlying the January 3, 1968, judgment remains enforceable.
 
 Conclusion
 
 9
 In view of the foregoing, we hold that the district court properly applied Alabama law and properly denied the Government's motion to revive the judgment of January 3, 1968. However, we decline to consider the enforceability of the underlying tax lien since this issue is not properly before this court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 United States v. Fiorella, No. 64-391 (N.D.Ala. Jan. 3, 1968)
 
 
 [2]
 The January 3, 1968, judgment had become dormant by operation of Ala.Code Sec. 6-9-192 (1975) (no execution shall issue on a judgment on which an execution has not been sued out within 10 years of its entry until the same has been revived by appropriate motion or action)
 
 
 [3]
 United States v. Fiorella, No. 64-391 (N.D.Ala. Feb. 17, 1978)
 
 
 [4]
 United States v. Fiorella, No. CV64-391-S (N.D.Ala. Sept. 29, 1987)
 
 
 [5]
 Fed.R.Civ.P. 69(a) (1982) ("[t]he procedure on execution [of district court judgments], in proceedings supplementary to and in aid of a judgment * * * shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable")
 
 
 [6]
 Ala.Code Sec. 6-9-190 (1975); see Henry v. State ex rel. Rambow, 16 Ala.App. 670, 81 So. 190 (1919)
 
 
 [7]
 United States v. John Hancock Mut. Life Ins. Co., 364 U.S. 301, 308, 81 S.Ct. 1, 5, 5 L.Ed.2d 1 (1960); United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940)
 
 
 [8]
 Custer v. McCutcheon, 283 U.S. 514, 519, 51 S.Ct. 530, 531, 75 L.Ed. 1239 (1931)