In re Juliet KILBY, Debtor.

Juliet KILBY, Plaintiff,

v.

Terri ILGEN, Defendant.

Barnett Bank of Central
Florida, Garnishee.

Bankruptcy No. 88–9–BKC–3F7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 4, 1996.

Steven R. Browning, Jacksonville, Florida, for Plaintiff.

Nicholas B. Bangos, Orlando, Florida, for Defendant.

Brett P. Abner, Jacksonville, Florida, for Garnishee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon a Motion for Writ of Garnishment filed by Debtor/Plaintiff, Juliet Kilby and a Response filed by Defendant, Terri Ilgen. A hearing was held on March 7, 1996, based upon which the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

This Court entered an Order Awarding Sanctions Against Terri Ilgen dated May 17, 1989 for violating the automatic stay imposed by 11 U.S.C. § 362. The order awarded sanctions in the amount of $11,311.06 and specifically provided that "[i]f payment is not made within thirty days, this ORDER shall stand as a Judgment in the amount of $11,-311.06, for which sum let execution issue." The Defendant made no payment to the Debtor, and thus the order became operative as a Judgment on June 18, 1989. The Debtor/Plaintiff never recorded the Judgment in either the federal court, or the state court, nor took any action on the Judgment until November of 1995. In fact, Ms. Kilby's bankruptcy case was closed on March 13, 1992 by the Clerk of the Court.

On November 3, 1995, Debtor/Plaintiff filed a Motion for Writ of Garnishment/Writ of Execution and/or Writ of Continuing Garnishment attempting to garnish funds held by Barnett Bank of Central Florida and obtain a wage reduction from Ms. Ilgen's employer. The Court issued the Writs of Garnishment to Ms. Kilby for Barnett Bank of Central Florida and WJHM 102JAM, a radio station which employed Ms. Ilgen. Barnett Bank filed an Answer to the Writ of Garnishment stating that it held property of Ms. Ilgen consisting of $33.04 and a safe deposit box, the contents of which are unknown. The radio station filed a letter in response to the Writ, stating that Ms. Ilgen was no longer employed there. Thus, the Court dissolved the Writ of Garnishment against the radio station.

The Court conducted a hearing on the Writ of Garnishment against Barnett Bank. Ms. Ilgen contends that the Writ of Garnishment is improper because it was issued more than five years after the entry of the judgment and Fla.Stat. § 95.11 requires an action on a judgment to be commenced within five years. Plaintiff contends that the Florida statute is inapplicable to a federal judgment in a federal court. The Court took the matter under advisement at the hearing.

### CONCLUSIONS OF LAW

The Judgment at issue in this case was entered by a federal bankruptcy court and Plaintiff now seeks its enforcement in a federal bankruptcy court, sitting in the state of Florida. Federal Rule of Civil Procedure 69(a) provides in its entirety:

(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that

any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed.R.Civ.P. 69 is made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7069. Therefore, unless a federal statute specifically applies, federal judgments are enforced in conformity to the law of the state in which the judgment is rendered. 7 Jeremy C. Moore Et. Al., Moore's Federal Practice § 69.04[3] (2d ed. 1996) *See also, United States v. Fiorella,* 869 F.2d 1425 (11th Cir. 1989) in which the court held that it was "well settled" that state law controls the procedure for the execution of judgments rendered by district courts located in that state. In that case the court refused to allow the United States government to revive a dormant judgment more than 20 years after entry, because Alabama statutes limited the time for issuing executions on judgments to 20 years. Additionally, in *United States for Use and Benefit of Grohne v. English Const. Co., Inc.,* 95 F.Supp. 763, 764 (S.D.N.Y.1951) the court stated, "the enforceability of a judgment of a United States District Court depends upon the practice applicable to a judgment of the court of the state in which the District Court is located."

In accordance with these principles, the Court must apply Florida state law to the judgment in this case. Fla.Stat. § 95.11 provides, "Actions other than for the recovery of real property shall be commenced as follows: (1) Within twenty years—An action on a judgment or decree of a court of record in this state. (2) Within five years—(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country." In other words, actions on judgments issued by Florida state courts of records can be commenced at any time after entry before the expiration of 20 years, but actions on judgments issued by other states or countries or

courts of the United States, must be commenced within five years.

This statute raises several issues. The first has already been answered in the affirmative, in that, yes this statute does apply to federal courts enforcing federal judgments in the state of Florida. Rule 69 clearly states that state law rules are used in the enforcement of federal judgments, and the *Fiorella* court reaffirmed that. Therefore, an action on a federal judgment in Florida must be commenced within five years of entry.

█ The next issue is whether the application to a court for a writ of garnishment and the issuance of the writ is an "action on a judgment"? The Court believes that it is. "By the great weight of authority a judgment is regarded as a cause of action or a chose in action. A judgment is an adjudication of debt.... [A] judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based." *Crane v. Nuta,* 157 Fla. 613, 615, 26 So.2d 670, 671 (Fla.1946). "The statute limiting the period for actions on judgments of courts of record applies to an action by a garnishee ..." 33 Florida Jur.2d *Judgments and Decrees* § 374 (1994), *citing Norwich Union Indemnity Co. v. Willis,* 127 Fla. 238, 168 So. 418 (Fla.1936). Procedurally, the Court finds that seeking a writ of garnishment is an "action on a judgment." The judgment holder files a motion for writ of garnishment. The court issues the writ of garnishment. The garnishee files an answer. A trial is held and judgment is issued on the cause of action, that is the original judgment, which has become the cause of action. Therefore, the act of seeking a writ of garnishment is an "action on a judgment."

The only reported case dealing with Fla. Stat. § 95.11 in the context of judgments entered by a federal court is *Kiesel v. Graham,* 388 So.2d 594 (Fla. 1st DCA 1980) which involved a federal judgment which the judgment holder was attempting to enforce in state court. Even though this was a state court proceeding, not a federal court action, the case is still relevant, because as previously discussed, the rules are the same in both courts. This case involved a writ of manda-

mus, not a writ of garnishment; however, in other respects it is factually similar enough to be pertinent case law. In this case, the First District Court of Appeal held that the federal judgment could not be enforced because it had been entered more than five years previously. The court expressly found Fla.Stat. § 95.11(2)(a) controlling, which limited actions on judgments of courts of the United States to five years, and therefore, refused to grant the writ of mandamus.

Applying the above cited law to the case at bar, the Court finds that more than five years have elapsed since the entry of the judgment against Ms. Ilgen. Accordingly, pursuant to Fla.Stat. § 95.11(2)(a), an "action on the judgment" cannot be commenced. For whatever policy reasons, the Florida Legislature has limited the ability to bring an action on a federal judgment in Florida to five years, and therefore, this Court must abide by that. The Writ of Garnishment must be quashed as to Barnett Bank of Central Florida.

The Court does note that pursuant to Fla. Stat. § 55.081, the judgment may still act as a lien on real or personal property for 20 years, subject to the judgment being recorded in Florida, and subject to the provisions of Fla.Stat. § 55.10. Although the judgment may still act as a lien for 20 years, no action may be commenced on the judgment.

Plaintiff had also filed a Motion to Strike Defendant's Response to Plaintiff's Memorandum of Law in Support of the Writ of Garnishment Against Barnett Bank pursuant to Fed.R.Civ.P. 12(f) and Fed.R.Bankr.P. 7012. Although the Court did not contemplate that either party would file a follow-up response, there is no basis under Rule 12(f) to strike the Response. Therefore, the Motion will be denied.

A separate final order will be entered in accordance with the foregoing.

### ORDER DISSOLVING WRIT OF GARNISHMENT RE: BARNETT BANK OF CENTRAL FLORIDA, AND DENYING MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW

This case is before the Court upon a Motion for Writ of Garnishment filed by Debtor/Plaintiff, Juliet Kilby and a Response filed by Defendant, Terri Ilgen. Based upon Findings of Fact and Conclusions of Law separately entered, it is

### ORDERED:

1. The Writ of Garnishment entered to garnish a bank account and safe deposit box in the name of Terri Ilgen at Barnett Bank of Central Florida is dissolved.

2. The Motion to Strike Defendant's Response to Plaintiff's Memorandum of Law in Support of the Writ of Garnishment Against Barnett Bank is denied.

### DONE AND ORDERED.

### ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY IN AID OF EXECUTION, ATTEND DEPOSITION IN AID OF EXECUTION, AND FOR SANCTIONS

This case is before the Court upon Plaintiff's Motion to Compel Defendant to Respond to Discovery in Aid of Execution, Attend Deposition in Aid of Execution, and for Sanctions and a Response filed by Defendant. A hearing was held on May 30, 1996.

Plaintiff is the holder of a judgment against Defendant. She is seeking a Writ of Garnishment to enforce her judgment in this Court. The Court has had the issue of the enforceability of the judgment under advisement. Pending a ruling on that issue, the Plaintiff proceeded with her discovery. She served Defendant with interrogatories and a request for production of documents. Defendant did not respond to the requests. Plaintiff scheduled a deposition of Defendant. Defendant failed to appear at the deposition. At no time did Defendant seek a protective order, or other order from the Court, excusing her attendance at the deposition, or excusing her from responding to the discovery requests.

In her Response, Defendant argues that since the enforceability of the judgment had yet to be resolved, discovery was not appropriate at this time. Defendant's Response states, "Ilgen informed the plaintiff that she

would not comply with the demands for discovery because the court stated the issue of the enforceability of the judgment had to be resolved first." However, at no time has the Court ordered discovery to halt in this matter.

 Fed.R.Civ.P. 26(c) and Fed. R.Bankr.P. 7026 provide that a party who does not wish to comply with a request for discovery may seek a protective order from the Court, upon motion by the party. The Court may issue a protective order and order that the discovery not be had, or it may set certain limitations or restrictions on the discovery. This is the proper method for a party who believes that discovery is inappropriate. Defendant's unilateral decision not to comply with Plaintiff's discovery requests in this case cannot be tolerated. If the Defendant had filed a Motion for Protective Order, the Court may very well have agreed with her that discovery should not proceed until the Court had issued its ruling on the garnishment issue. However, that is a decision for the Court to make; not the Defendant.

Fed.R.Civ.P. 37 and Fed.R.Bankr.P. 7037 allows the Court to sanction parties who fail to respond to discovery requests. Specifically Rule 37(d) provides for sanctions for the failure of a party to attend a deposition, serve answers to interrogatories or respond to request for inspection. Significantly, the final paragraph of Rule 37(d) states, "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." The Defendant's failure to comply with discovery requests and failure to seek a protective order in this case warrant sanctions. Parties may not pick and choose which discovery requests they wish to respond to. It is not up to an individual party to decide which discovery is appropriate and when. That is only a decision for the Court, upon proper motion. Therefore, it is

**ORDERED:**

1. Defendant, Terri Ilgen, is sanctioned in the amount of $150, payable to Plaintiff, Juliet Kilby, by and through her attorney of record, Steven Browning.

2. Defendant shall have 15 days from the date of this Order to file an appropriate response to the discovery requests and deposition, be that a motion for protective order, or other pleading Defendant deems necessary.

**DONE AND ORDERED.**