**In re Howard J. WERNICK and M. Penny Wernick, Debtors.**

**A.M.S. Printing Corp., Plaintiff,**

**v.**

**Howard J. Wernick and M. Penny Wernick, et al., Defendants,**

**and**

**Mariela Graphics, Inc., Garnishee.**

**Bankruptcy No. 97–24459–BKC–RBR.**

**Adversary No. 97–1130–BKC–RBR–A.**

United States Bankruptcy Court, S.D. Florida, Broward Division.

Dec. 8, 1999.

Keith T. Grumer, Fort Lauderdale, FL.

Karen M. Sullivan, Fort Lauderdale, FL.

Norman L. Schroeder, Lake Worth, FL.

***ORDER GRANTING GARNISHEE'S MOTION TO DISMISS GARNISHMENT PROCEEDINGS FOR LACK OF SUBJECT MATTER JURISDICTION***

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on October 20, 1999 upon the Garnishee's Motion to Dismiss Garnishment Proceedings for Lack of Subject Matter Jurisdiction. The Court, having reviewed the Motion, considered the arguments of the parties, and being otherwise duly advised in the premises, finds as follows.

*Background*

Debtors Howard J. Wernick and M. Penny Wernick (the "Debtors") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on July 16, 1997.[1] In connection with the bankruptcy, the Plaintiff initiated this adversary proceeding in order to obtain a determination concerning the dischargeability of Debtors' obligation to the Plaintiff. The litigation resulted in a stipulated agreement between the parties in the Plaintiff's favor in the amount of $159,140.00 which was declared by this Court to be a non-dischargeable debt.

Following entry of the judgment, Plaintiff began enforcement efforts by having the Clerk of this Court issue a writ of garnishment against Mariela Graphics, Inc. ("Mariela"), the Debtors' employer. On March 9, 1999, the Clerk of this Court issued a Continuing Writ of Garnishment Against Salary Wages against Mariela which was served by the U.S. Marshall's Office upon Mariela on March 13, 1999. On March 17, 1999, the Debtors filed a Motion to dissolve the Writ of Garnishment. This Court held an evidentiary hearing on June 8, 1999 and, thereafter, issued an Order Denying Motion to Dissolve Writ of Garnishment dated June 14, 1999.

On October 1, 1999, Mariela filed its Motion to Dismiss challenging the subject matter of this Court over post-judgment garnishment proceedings in relation to a debt held non-dischargeable. Specifically, Mariela argued that a garnishment proceeding to collect a non-dischargeable debt does not "arise from," "arise under," or "relate to" a bankruptcy case as required under federal law. *See* 28 U.S.C. § 157 (1999).[2] Therefore, it is argued that this

1. The administration of the bankruptcy estate has been completed and the case was closed on October 15, 1998.

2. 28 U.S.C. § 157(b)(1) (1999): "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."

28 U.S.C. § 157(c)(1) (1999): "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 . . . ."

Court cannot exercise jurisdiction over the garnishment proceeding.

The garnishment proceeding does not "arise from" a bankruptcy case, Mariela argues, because the post-petition wages sought under the garnishment order are not assets of the bankruptcy estate. The proceeding also does not "arise under" Title 11 because recovery of the wages will not benefit the estate, but only a single creditor. The Plaintiff is the only creditor that will gain from the garnishment. Lastly, Mariela argues that the garnishment proceeding does not "relate to" a bankruptcy case because the outcome of the proceeding would in no way impact the bankruptcy estate. A post-petition garnishment of post-petition wages does not relate to the outcome of the estate: the proceeds of the garnishment will not increase or diminish the estate. Therefore, this Court lacks subject matter jurisdiction over the garnishment proceedings.

In response, the Plaintiff argues that this Court does have subject matter jurisdiction over the proceedings. The Plaintiff refers the Court to Local Rule 7069–1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida and asserts that this rule provides this Court with jurisdiction over the matter. Section A of that rule states that "procedures in aid of execution of a judgment of this court may be conducted in the same proceeding in which the judgment was entered."

The Plaintiff also asserts that this Court has subject matter jurisdiction by virtue of the stipulation entered into between the parties. Mariela stipulated to the entry of the Order granting the Plaintiff a non-dischargeable judgment. By doing so, the Plaintiff argues that Mariela consented to this Court's jurisdiction over Mariela and the garnishment proceedings.

This Court heard argument from counsel on the Motion on October 20, 1999. This Court also accepted supplemental memorandum of law from both parties addressing the issue of subject matter jurisdiction in these circumstances.

### Discussion

■ Bankruptcy courts only have the authority to entertain proceedings that "arise under," "arise in a case under," or "relate to" a case under Title 11 of the United States Code, a bankruptcy case. 28 U.S.C. § 157 (1999). Because a garnishment enforcement proceeding is not a core proceeding, it does not "arise under" Title 11 or "arise in a case under" Title 11. See 28 U.S.C. § 157(b)(2) (1999).

■ A proceeding "relates to" a bankruptcy case only if the anticipated outcome of the proceeding will both "(1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." In re Bass, 171 F.3d 1016, 1022 (5th Cir.1999). See also In re Boone, 52 F.3d 958, 961 (11th Cir.1995) ("The lack of effect on the estate is thus fatal to bankruptcy jurisdiction over the claim."); Matter of Xonics, Inc., 813 F.2d 127, 131 (7th Cir.1987) (a proceeding is related to a bankruptcy estate only if "it affects the amount of property available for distribution or the allocation of property among creditors").

Here, enforcement of the garnishment will affect the Debtors; their wages will be reduced. Enforcement will also alter the Debtors' obligation to the Plaintiff. Therefore, the first prong of "related to" subject matter jurisdiction is met.

However, enforcement of the garnishment will not affect the administration of the bankruptcy estate. The bankruptcy estate no longer exists. The bankruptcy case was closed on October 15, 1998. Therefore, there is no bankruptcy estate to be affected. See Bass, 171 F.3d at 1022 (5th Cir.1999) (holding that the bankruptcy court did not have subject matter jurisdiction over suit to aid in collection of non-dischargeable debt because the bankruptcy case was closed and the enforcement suit would therefore not impact the bankruptcy estate as required for the court's excise of

jurisdiction); *In re Sieger*, 200 B.R. 636 (Bankr.N.D.Ind.1996) (holding that the bankruptcy court did not have subject matter jurisdiction over suit to enforce non-dischargeable judgment where administration of bankruptcy estate had been completed and the bankruptcy case closed).

Even if the case was still pending, the garnishment proceeding concerns a non-dischargeable debt, and collection of such a debt does not affect the Debtor's bankruptcy estate. The Plaintiff's collection of its non-dischargeable debt will not enlarge or diminish the bankruptcy estate or reduce the Debtors' total liabilities to the benefit of all creditors. No one is benefitted from the enforcement of the garnishment writ but the Plaintiff.

A factually similar case in which a bankruptcy court determined it lacked subject matter jurisdiction is the *Sieger* case cited above. In *Sieger*, the creditor held a non-dischargeable claim against the debtor. *Sieger*, 200 B.R. at 637. The creditor filed a motion in bankruptcy court seeking enforcement of a garnishment order. *Id.* The bankruptcy court, on its own motion, raised the issue of jurisdiction and determined that it lacked subject matter jurisdiction over the garnishment enforcement proceedings. *Id.* at 639. The Court stated:

> Bankruptcy is not forever. Neither is the jurisdiction exercised by the bankruptcy court. That jurisdiction "extends no farther than its purpose." When that purpose no longer exists, neither does the court's jurisdiction. At that point, "bankruptcy jurisdiction lapses."

> The bankruptcy court has the undeniable jurisdiction to determine the dischargeability of a debtor's obligations to creditors ... Nonetheless, once this is done the court's jurisdictional mission has been fulfilled. Proceedings designed to collect that judgment are not a

bankruptcy concern and serve no bankruptcy purpose.

*Id.* at 638–39 (citations omitted).

Although the litigation between the Plaintiff and the Debtors that resulted in the non-dischargeable judgment was related to the Debtors' bankruptcy estate, the dispute over collection of the debt is not related to the bankruptcy estate. Therefore, the garnishment proceeding does not "relate to" a case under Title 11 of the United States Code. *See Bass*, 171 F.3d at 1022–23 ("The proceeding must be capable of affecting the bankruptcy estate for it to be 'related to' the bankruptcy."). Like the *Sieger* creditor, the Plaintiff here is simply a judgment creditor of a former debtor in bankruptcy. *See In re McAllister*, 216 B.R. 957, 966 (Bankr.N.D.Ala.1998).

 The Plaintiff argues that the Local Rules of the United States District Court for the Southern District of Florida authorize this Court to exercise jurisdiction over the garnishment proceedings. However, it is clear that a district's local rules cannot grant a court jurisdiction that it is constitutionally lacking. Moreover, addressing the Plaintiff's argument that Mariela consented to the jurisdiction of this court, while a party can consent to in personam jurisdiction, a party cannot create subject matter jurisdiction by consent.

 The Plaintiff also argues that if this Court decides that it lacks subject matter jurisdiction, the Court should not dismiss the garnishment proceeding, but instead withdraw referral of the matter and transfer the action back to federal district court. In support of this argument the Plaintiff cites *In re United Fruit & Vegetable, Inc.*, 191 B.R. 445 (Bankr.D.Kan.1996). Reliance on this case is misplaced. *In United Fruit*, the bankruptcy court could withdraw the reference of the non-bankruptcy matter and transfer the case to the federal district court because federal question jurisdiction existed. Here, there is no federal question jurisdiction or any other support

for which a federal district court could assert federal jurisdiction.

### Conclusion

Therefore, the Court, having reviewed the Motion and supplemental memorandum of law, considered the arguments of the parties, and being otherwise duly advised in the premises, it is:

ORDERED AND ADJUDGED that the Garnishee's Motion to Dismiss Garnishment Proceedings for Lack of Subject Matter Jurisdiction is hereby GRANTED. The Plaintiff is free to seek enforcement through the state courts.