**In re Kevin M. MILLER, a/k/a Kevin Michael Miller, Debtor.**

**No. 97–8659–BKC–3F7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 24, 2000.

James A. Bledsoe, Jr., Jacksonville, for Plaintiff.

Lansing J. Roy, Jacksonville, for Debtor.

## *ORDER DENYING MOTION FOR GARNISHMENT AFTER JUDGMENT*

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on a Motion for Garnishment after Judgment filed by First Coast Auto Finance, Inc. ("Movant") on January 10, 2000. (Doc. 69.) Movant seeks a continuing writ of garnishment on Morrison Pontiac, Inc. pursuant to Fed.R.Civ.P. 69 made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7069. Movant claims that Morrison Pontiac, Inc. may be indebted to Kevin M. Miller ("Debtor") for wages and salary on a continuing basis. Upon review of this Motion, the Court makes the following findings of fact and conclusions of law.

### *FINDINGS OF FACT*

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 12, 1997 and received a bankruptcy discharge on April 16, 1998. Prior to the discharge, Movant commenced an adversary proceeding to determine the dischargeability of a debt. On August 25, 1998, this Court entered a Judgment in favor of Movant and against Debtor in the amount of $100,000.00, which was excepted from Debtor's discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). Counsel for Movant and counsel for Debtor consented to the entry of this Judgment.

### *CONCLUSIONS OF LAW*

Bankruptcy courts have limited jurisdiction, however, each district court may provide the bankruptcy court in that district with subject matter jurisdiction on "any or all cases under title 11 and any or all civil proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a) (2000). On July 11, 1984 pursuant to Section 157 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Chief United States District Judge Hodges ordered that in this district all "cases filed hereafter under Title 11 or arising in or related to a case under Title 11, shall immediately be transferred and referred" to the appropriate bankruptcy court of this division. *In re Assignment of Cases Arising Under Title 11, United States Code,* No. 84–MISC–152 (M.D.Fla. July 11, 1984) (Hodges, C.J.).

■ This Court shall on its own motion or motion of a party "determine whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(c) (2000). *See In re Arrowmill Dev. Corp.,* 211 B.R. 497, 501 (Bankr. D.N.J.1997) (court must take hard look at jurisdictional basis when asked to enter relief pertaining to nondebtors). A garnishment enforcement proceeding is not a core proceeding and therefore does not "arise under" Title 11 or "arise in a case under" Title 11. *See* 28 U.S.C. § 157(b)(2). *See also A.M.S. Printing Corp v. Wernick (In re Wernick),* 242 B.R. 194, 196 (Bankr.S.D.Fla.1999) (Ray, J.); *HOC, Inc. v. McAllister (In re McAllister),* 216 B.R. 957, 965 (Bankr.N.D.Ala. 1998) (Cohen, J.). Therefore, in order to have subject matter jurisdiction, the Court must determine whether Plaintiff's Motion

for Garnishment after Judgment is "related to" this bankruptcy proceeding.[1]

For this Court to have subject matter jurisdiction there must be a nexus between the civil proceeding and the bankruptcy case. *In re Toledo,* 170 F.3d 1340, 1345 (11th Cir.1999); *Munford v. Munford, Inc. (Matter of Munford, Inc.),* 97 F.3d 449, 453 (11th Cir.1996); *Miller v. Kemira, Inc. (Matter of Lemco Gypsum, Inc.),* 910 F.2d 784, 787 (11th Cir.1990).

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Lemco Gypsum, Inc.,* 910 F.2d at 788 (*quoting Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)).

Movant seeks to garnish Debtor's post-petition wages, property in which a Chapter 7 bankruptcy estate has no interest. The relief sought by Movant clearly alters Debtor's rights, therefore, satisfying the first prong necessary to establish a "related to" subject matter jurisdictional basis in this Court. However, garnishing Debtor's post-petition wages has no impact on the handling or administration of the bankruptcy estate, therefore the second prong to establish "related to" jurisdiction is not satisfied. *See Wernick,* 242 B.R. at 196. *See also Community Bank of Homestead v. Boone (In re Boone),* 52 F.3d 958, 961 (11th Cir.1995) (lack of effect on bankruptcy estate is fatal to jurisdiction).

Collection of this non-dischargeable debt only affects this bankruptcy by potentially delaying closure of the case. Through garnishment, Movant seeks relief against Morrison Pontiac, Inc., Debtor's employer, and does not seek relief against Debtor. Additionally, at this point in the case, there will be no addition or depletion of estate assets by a garnishment of Debtor's post-petition wages.

The decision not to exercise jurisdiction is not dependent on whether or not the bankruptcy case is closed. *See Wernick,* 242 B.R. at 197. This garnishment action could be properly brought in another forum without regard to the status of this bankruptcy case. Additionally, should this Court exercise jurisdiction, a subsequent jurisdictional challenge would be well taken and the closure of this case potentially delayed. Thus assertion of jurisdiction over this unrelated garnishment proceeding could interfere with important judicial resources. For the reasons noted above the Court finds that the second prong to establish "related to" subject matter jurisdiction is not established and therefore chooses not to exercise jurisdiction over this matter. However, the Court feels obligated to comment on the law relating to this matter.

State law controls the procedure for execution of judgments rendered in this federal district. *United States v. Fiorella,* 869 F.2d 1425 (11th Cir.1989). Fed.R.Civ.P. 69, made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7069, provides in pertinent part that:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the

---

1. Although, this Motion arises from this Court's entry of a judgment in an adversary proceeding for which this Court clearly had jurisdiction, enforcement of such judgment is distinct from entry to the point that enforcement is a separate and individual proceeding.

United States governs to the extent that it is applicable.

Fed.R.Civ.P. 69(a) (2000). Fla. Stat. § 77.01 provides that "[E]very person who has … recovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment …". Fla. Stat. § 77.01 (2000). Fla. Stat. § 77.03 sets forth the procedure to obtain a writ of garnishment after a judgment has been obtained. Fla. Stat. § 77.03 (2000).

The Court also notes the applicability of Fla. Stat. § 95.11 mandating that actions on judgments issued by Florida state courts can be commenced at any time after entry before the expiration of twenty (20) years, but actions on judgments issued by other states or countries or courts of the United States, must be commenced within five (5) years. Fla. Stat. § 95.11 (2000). *See Balfour Beatty Bahamas, Ltd. v. Bush,* 170 F.3d 1048 (11th Cir.1999); *Kilby v. Ilgen (In re Kilby),* 196 B.R. 627 (Bankr. M.D.Fla.1996) (garnishment application deemed "action on judgment" that could not be brought more than five years after judgment issuance).

### CONCLUSION

Upon determining this proceeding is not a core proceeding and is not a proceeding that is otherwise related to a case under Title 11 as provided by 28 U.S.C. § 157, this Court chooses not to exercise jurisdiction over this garnishment proceeding. Accordingly, it is **ORDERED:**

The Motion for Garnishment after Judgment filed by Movant is denied without prejudice to Movant proceeding in another forum.