In re PREMIER SPORTS TOURS d/b/a Premier Charters, Debtor.

R. Jay Harpley, Chapter 7 Trustee,

v.

Five Star Tickets, Inc., Defendant.

Bankruptcy No. 01–6162–8P7.
Adversary No. 01–868.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 24, 2002.

**602**

Steven M. Berman, Tampa, FL, for Debtor.

Ralph Jay Harpley, Tampa, FL, Chapter 7 Trustee.

Curran K. Porto, Tampa, FL, for Defendant.

### ORDER DENYING MOTION TO DISSOLVE WRIT OF GARNISHMENT

ALEXANDER L. PASKAY, Chief Judge.

On November 26, 2001, R. Jay Harpley, the Chapter 7 Trustee of the estate of Premier Sport Tours, commenced an adversary proceeding suing Five Star Tickets, Inc. (Five Star), an Illinois corporation. The Trustee, in his Complaint, sought money damages based on a claim of breach of contract. The Summons with a copy of the Complaint was served on Steve Dolins (Dolins), the Registered Agent of Five Star. On January 29 2002, the Trustee filed Motion for Entry of Default as to liability only as a result of Five Star having failed to respond either by Motion or Answer. On February 8, 2002, the Clerk of this Court entered the Default as to Liability only. On February 11, 2002, this Court entered a Final Judgment by Default against Five Star as to Liability only. On April 10, 2002, the Trustee filed a Motion for the Entry of a Default Judgment as to Damages. On April 17, 2002, this Court entered a Final Judgment by Default against Five Star in the amount of $75,000 plus interest at the statutory rate, attorney fees and costs.

On May 3, 2002, the Trustee filed a Motion for a Writ of Garnishment. On May 14, 2002, the Clerk of this Court issued the Writ to be served on Corus Bank N.A. (Corus Bank) at 2401 N. Halsted, Chicago, Illinois. On June 13, 2002, Corus Bank filed a Response to the Writ, stating that at the time the Writ was served, Five Star had a balance in its general checking account of $45,931.40.

On June 21, 2002, Five Star filed a Motion to Set Aside the Default and the Default Final Judgment. This Court heard the Motion in due course and on July 18, 2002, entered its Order on the Motion and denied the Motion to set aside the Default and Final Judgment.

Also, on June 21, 2002, Five Star filed a Motion to Dissolve the Writ of Garnishment. This is the Motion presently under consideration. Counsel for Five Star contends that the Writ was not served in compliance with the laws governing Writs of Garnishments in Illinois therefore, it was invalid and not binding on Corus Bank or Five Star.

The Trustee contends that based on the clear language of Federal Rule of Civil Procedure 69, as adopted by F.R.B.P. 7069, the proper procedure to enforce a judgment entered by this Court is governed by the practice and procedure of the State of Florida and the writ, once issued, pursuant to that statute could be served nationwide by virtue of F.R.B.P. 7004(d).

At the conclusion of the hearing, this Court directed counsel for the parties to file within five days authorities in support of their respective positions. This Court

received a Memorandum with authorities from both the Trustee and Five Star, albeit untimely.

Contrary to the position taken by some courts, *see In re McAllister,* 216 B.R. 957 (Bankr.N.D.Ala.1998), the initial inquiry of this Court is not a determination of the extent of the scope of the jurisdiction of the bankruptcy court or a determination of whether or not the procedure applied here is core or non-core pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 157. It cannot be seriously gainsaid that the Final Judgment entered by this Court is final, binding, and non-appealable. Thus, this Court's jurisdiction to enter the judgment is moot and academic. Instead, what is involved here is nothing more and nothing less than a determination of what the proper procedure is to enforce a Federal judgment entered in one State against a *res* located out of the original State where the judgment was entered.

■ Federal Rule of Bankruptcy Procedure 7069(a), which adopts Federal Rule of Civil Procedure 69 provides in relevant part as follows:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment ... shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

There is no evidence in this record that the Writ was not issued in full compliance with the laws of the State of Florida governing writs, Florida Statutes, Ch. 77, *et seq.* It is clear that the weight of authority stands for the proposition that state law, in this instance, the law of Florida, controls the

procedure for execution of judgments rendered in the federal district courts. *See United States v. Fiorella,* 869 F.2d 1425 (11th Cir.1989); *In re American Freight System, Inc., supra; In re Kilby,* 196 B.R. 627 (Bankr.M.D.Fla.1996); *In re Miller,* 248 B.R. 198 (Bankr.M.D.Fla.2000).

The other federal statute relevant to the issue of the procedure to enforce a Federal judgment is found in 28 U.S.C. § 1963. This statute provides in relevant part as follows:

A judgment in an action for the recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal.

However, 28 U.S.C. § 1963 states that the party *may* register the judgment not that it is mandatory (emphasis supplied). Unfortunately, the statute does not mandate but merely permits for the registration of a judgment in another district court where the *res* is located.

■ The ultimate question is whether or not the writ, properly issued, was served in compliance with the due process requirements of the Constitution and the Rules of procedure governing service of process. Federal Rule of Bankruptcy Procedure 7004 is entitled "Process; Service of Summons, Complaint." Specifically, F.R.B.P. 7004(d) entitled "Nationwide Service of Process," provides as follows: "the summons and complaint and *all other process* except a subpoena may be served anywhere in the United States." (Emphasis supplied). The Rule deals with process. A Writ of Garnishment is a process, and accordingly, if a party serves the writ in accordance with F.R.B.P. 7004, the same cannot be dissolved. *See In re American Freight System, Inc.,* 173 B.R.

739 (Bankr.D.Kan.1994). *See also In re Federal Fountain, Inc.*, 165 F.3d 600 (8th Cir.1999)(federal court can exercise personal jurisdiction over out-of-state corporation since national service of process is constitutional exercise of congressional authority); *In re Prospect Hill Resources, Inc.*, 69 B.R. 79 (Bankr.N.D.Ga.1986). A federal court has ancillary subject-matter jurisdiction over garnishments of third parties who admit they owe money to the judgment debtor. *American Freight*, 173 B.R. at 742; *Skevofilax v. Quigley*, 810 F.2d 378, 383–85 (3d Cir.) *(en banc)*, *cert. denied* 481 U.S. 1029, 107 S.Ct. 1956, 95 L.Ed.2d 528 (1987).

The resolution of the issues raised is somewhat complex and it is not easy to find a satisfactory answer. However, a review of the case authorities dealing directly and indirectly with this issue clearly indicate that the procedure applied by the Trustee in this instance was proper and the Writ is valid. Corus Bank responded to the amount it had on hand at the time it was served with the Writ and did not raise any type of objections.

This being the case, while it would have been better to use the procedure suggested by 28 U.S.C. § 1963, this procedure is not mandatory. And, while this Court would ordinarily require the Trustee to resort to the registration process, in the present circumstances, this Court will not require such process. Here, the *res* in question is money in a bank, which could be immediately withdrawn by the judgment debtor (Five Star) once the Writ is dissolved, which in turn would render any remedy to the Trustee involved illusory.

In sum, this Court is satisfied that the question of the jurisdiction of the bankruptcy court under 28 U.S.C. § 1334(b) and 11 U.S.C. § 157 is academic and not relevant. F.R.B.P. 7004 provides for nationwide service of process. The Trustee has fully complied with F.R.B.P. 7004 and therefore, is entitled to reach the funds on deposit. The Motion to dissolve the Writ is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dissolve Writ of Garnishment be, and the same is hereby, denied.